UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

P.M.Q.,

Plaintiff,

v.

MARYSVILLE JOINT UNIFIED SCHOOL DISTRICT,

Defendant.

Case No. 2:25-cv-1843-JDP

ORDER

Plaintiff P.M.Q., a minor child, alleges that defendant Marysville Joint Unified School District ("the District") violated their rights and caused them emotional harm through a pattern of verbal abuse.[1] Plaintiff now moves to strike certain affirmative defenses in the District's answer to the first amended complaint. ECF No. 46. For the reasons stated below, plaintiff's motion is granted.

**Procedural History**

Plaintiff initiated this action in June 2025 against the District and its employee Kelle Pickell.[2] ECF No. 1. In March 2026, upon the District's and Pickell's respective motions, the court dismissed the complaint with leave to amend. ECF No. 30. After plaintiff filed the first

[1] The court uses they/them pronouns for plaintiff because the complaint does so.
[2] The parties have consented to magistrate judge jurisdiction. ECF No. 20.

amended complaint, ECF No. 31, Pickell again moved to dismiss, ECF No. 33. In June 2026, the court dismissed all claims against Pickell, thereby terminating her from this action. ECF No. 45.

Meanwhile, the District filed an answer to the first amended complaint.[3] ECF No. 44. Plaintiff now moves to dismiss certain affirmative defenses pled by the District. ECF No. 46. The District has filed an opposition,[4] ECF No. 47, and plaintiff has filed a reply, ECF No. 48.

**Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted). An affirmative defense can be deficient either in pleading or as a matter of law. *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). In terms of pleading, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives [the] plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is deficient as a matter of law only if it can be shown "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Secs. & Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). Motions to strike affirmative defenses are disfavored challenges because they often amount to little more than a dilatory tactic. *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

---

[3] The answer was untimely. Plaintiff filed the first amended complaint on April 10, 2026, which made the District's answer due by April 24, 2026. *See* Fed. R. Civ. P. 15(a)(3). After the District failed to comply with this deadline, the court issued an order to show cause as to why default should not be entered. ECF No. 38. The court subsequently discharged the order to show cause, ECF No. 40, and the District filed its answer on June 12, 2026, ECF No. 44.

[4] The opposition was untimely. Plaintiff filed their motion on July 3, 2026, which made any opposition due by July 17, 2026. *See* E.D. Cal. L.R. 230(c). The District filed its opposition on July 23, 2026, without any request for an extension of time or acknowledgment of its untimeliness. The court exercises its discretion to consider the opposition but cautions the District to comply with all rules moving forward.

**Discussion**

Plaintiff moves to strike eight affirmative defenses pled in the District's answer. ECF No. 46. The District has agreed to withdraw some of the contested defenses but opposes plaintiff's motion as to others. ECF No. 47. The court addresses each defense in turn.

**I. Waiver and Estoppel**

The District's second affirmative defense is that plaintiff's claims "are barred by the doctrine of waiver and estoppel." ECF No. 44 at 18. In its opposition, the District withdraws this defense. ECF No. 47 at 5. Accordingly, this defense is stricken with prejudice.

**II. Settlement Agreement**

The District's third affirmative defense is that plaintiff's claims "are barred by the Settlement Agreement entered into by Plaintiff and the District on or about May 13, 2022." ECF No. 44 at 18. In its opposition, the District withdraws this defense because it "appears to have been included by mistake." ECF No. 47 at 4. Accordingly, this defense is stricken with prejudice.

**III. Statutes of Limitations**

The District's fourth affirmative defense is that plaintiff's claims "are barred by the applicable state and federal statutes of limitations, including, but not limited to, Cal. Gov't Code § 945.6, Cal. Code Civ. Proc. §§ 335 et seq, 42 U.S.C. §§ 1415(b)(6)(B), 1415(f)(3)(C), and 42 U.S.C. § 1415(i)(2)." ECF No. 44 at 18. As plaintiff points out, the District's citations to provisions of Title 42 of the United States Code do not exist, and instead it appears that the District intended to cite Title 20. *See* ECF No. 46 at 8. Further, plaintiff asserts that "[t]he defense does not identify which limitations period applies to which claim, or the triggering date for any of them." *Id.* In its opposition, the District acknowledges its citation error as to the federal statutes, and it supplies some of the requested information as to California Government Code § 945.6, arguing that the Government Claims Act bars plaintiff's state law claims. ECF No. 47 at 5-6.

However, as plaintiff points out in their reply, the District's fourteenth affirmative defense—which is not challenged by plaintiff—asserts that plaintiff's claims are "barred by

Plaintiff's failure to comply with the California Government Claims Act, Government Code §§ 905, et seq., claims presentation requirements in that Plaintiff failed to timely present a claim asserting all causes of action and/or all factual and legal bases for liability asserted in the Complaint, and/or failed to timely file suit following the denial of said claim." ECF No. 44 at 20.

Accordingly, this defense is stricken with leave to amend. Any amended answer should correctly identify the relevant federal statutes and provide at least some detail regarding the applicable limitations periods, including the triggering date. To the extent that the District sees a distinction between this defense's citation to California Governmentt Code § 945.6 and the District's fourteenth affirmative defense, the District may replead such citation with an explanation as to how it is not duplicative.

**IV. Exhaustion**

The District's fifth affirmative defense is that plaintiff "has failed to exhaust [their] administrative and/or judicial remedies." ECF No. 44 at 18. As plaintiff points out, this defense "does not identify the administrative remedy the District contends Plaintiff was required to exhaust, the claim to which the defense applies, or the relief said to require exhaustion." *See* ECF No. 46 at 9. In its opposition, the District has provided some of the requested information. ECF No. 47 at 6. Accordingly, this defense is stricken with leave to amend.

**V. Qualified Immunity**

The District's seventh affirmative defense is that Pickell is "entitled to federal qualified immunity." ECF No. 44 at 18. In its opposition, the District withdraws this defense. ECF No. 47 at 3. Accordingly, this defense is stricken with prejudice.

**VI. Attorney's Fees**

The District's twelfth affirmative defense is that "it is entitled to attorneys' fees under the federal statues Plaintiff sues under and pursuant to California Code of Civil Procedure section 1038 because Plaintiff's action is frivolous, unreasonable and without foundation." ECF No. 44 at 19. In its opposition, the District concedes that this allegation is not an affirmative defense but rather a prayer for relief. Accordingly, this defense is stricken with prejudice to being replead as an affirmative defense; the District may, however, plead it as part of its prayer for relief.

## VII. Immunity

The District's thirteenth affirmative defense is that plaintiff's claims "are barred in whole or in part because all actions and conduct by the District and its agents or employees were justified and subject to governmental immunities, including but not limited to the immunities arising under the United States Constitution and federal law, immunities arising under the California Constitution and California law, immunities arising under Government Code sections 810, *et seq.* including, but not limited to, Sections 815, 815.2, 818, 818.2, 818.8, 820.2, 820.4, 820.6, 820.8, 821.2, 821.6, and 822.2." ECF No. 44 at 20. As plaintiff points out, "[t]welve separate immunity provisions are listed without any indication of which immunity is asserted against which claim or the facts said to support it." *See* ECF No. 46 at 9-10. In its opposition, the District supplies the requested information. ECF No. 47 at 7-9. Accordingly, this defense is stricken with leave to amend.

## VIII. Right to Assert Additional Affirmative Defenses

The District's fifteenth and final affirmative defense is that it retains "the right to assert additional affirmative defense, if any and to the extent that such affirmative defenses are applicable." ECF No. 44 at 20. Plaintiff argues that "[a] reservation of the right to assert defenses not yet pleaded is not itself an affirmative defense." ECF No. 46 at 7. The court agrees. Courts in this Circuit have held that "[a] 'reservation of affirmative defenses' is not an affirmative defense." *E.E.O.C. v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010); *see also United States v. Glob. Mortg. Funding, Inc.*, No. 07-cv-1275-DOC-PJW, 2008 WL 5264986, at *5 (C.D. Cal. May 15, 2008) ("[The defendant] is either entitled to raise additional defenses at a later time or he is not; his attempt to reserve his rights to do so is a legal nullity."). Accordingly, this defense is stricken with prejudice.

## Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to strike the District's answer, ECF No. 46, is GRANTED. Specifically, the second, third, seventh, twelfth, and fifteenth affirmative defenses are STRICKEN with prejudice. The fourth, fifth, and thirteenth affirmative defenses are STRICKEN with leave to amend.

2. The District may file an amended answer within fourteen days of this order. Failure to do so will result in this action proceeding on the District's answer, ECF No. 44.

IT IS SO ORDERED.

Dated: October 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE